IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br>Meiyauki LaShun Triplett,<br><br>**Debtor(s)**. | CASE NO. 25-41930-pwb<br>CHAPTER 13 |
| Progress Residential Borrower 16, LLC<br><br>**Movant**<br><br>v.<br><br>Meiyauki LaShun Triplett, Debtor(s);<br>and K. Edward Safir, Trustee<br>**Respondents**. | Judge Paul W. Bonapfel<br><br>CONTESTED MATTER |

**MOTION TO LIFT STAY FOR DEBTOR'S NONCOMPLIANCE WITH STRICT COMPLIANCE ORDER**

COMES NOW Progress Residential Borrower 16, LLC ("Movant"), and files this Motion to Lift Stay for Debtor's Noncompliance with Strict Compliance Order and shows the Court as follows:

1.

Debtor leases certain real property from Movant known as 29 Ivey Twp, Dallas, GA 30132, (hereinafter, the "Property"). Movant sought relief from the automatic stay as to Debtor and Codebtor [Doc. 28], in light of the default under the terms of the lease agreement between the parties in failing to pay post-petition rent, late fees, and utilities for January, February, March and April 2026.

2.

This Court entered an Order Denying Motion for Relief from Stay with Strict Compliance ("Strict Compliance Order") on September 1, 2026 [Doc. 35] pursuant to terms consented to between Debtor and Movant.

3.

The terms of the Strict Compliance Order required Debtor to resume strict compliance with the lease post petition commencing June 1, 2026. Debtor further agreed to cure the post petition arrearage owing through April 2026 via payments of $ 10,488.57 by May 1, 2026 and to cure the post petition arrearage owing through May 2026 via payments of $2524.51 by May 8, 2026.

4.

Any payment default under the terms of the Strict Compliance Order requires Movant to send notice of said default to Debtor and Debtors' attorney. Debtor has five (5) days from receipt of said notice to cure a payment default.

5.

Debtor failed to resume strict compliance under the lease agreement commencing June 1, 2026, having failed to pay the post-petition rent, late fees, and utilities for June 2026 and all months thereafter. Debtor further failed to cure the post-petition arrearage through May 2026, having failed to pay $ 2524.51 by May 8, 2026, as remains outstanding.

6.

On September 8, 2026, counsel for Movant sent a Notice of Default pursuant to the terms of the Strict Compliance Order ("Notice of Default"). See Notice of Default attached hereto as **Exhibit 1**.

7.

Debtor failed to resume strict compliance under the lease agreement commencing June 1, 2026, having failed to pay the post-petition rent, late fees, and utilities for June 2026 and all months thereafter. Debtor further failed to cure the post-petition arrearage through May 2026, having failed to pay $ 2524.51 by May 8, 2026, as remains outstanding. *See* Declaration of Noncompliance, attached hereto as **Exhibit 2**.

8.

Movant therefore moves this Court to enter an Order granting it relief from the automatic stay as set forth within the Strict Compliance Order without further hearing.

9.

Movant is otherwise unable to exercise its state law remedies under the terms of the Lease Agreement so long as the automatic stay remains in effect.

WHEREFORE, Movant Progress Residential Borrower 16, LLC prays for the following relief:

(a) That this Court grant Movant's Motion for Relief From Stay;

(b) That the automatic stay pursuant to §§ 362 of the Bankruptcy Code be terminated, annulled, modified, and lifted to permit Movant to pursue all remedies available under Georgia law to recover possession of the Property and to allow Movant to apply any security deposit held by Movant to any post-petition amounts which came due under the terms of the Lease, and that the property be abandoned as property of the estate;

(c) That the Court waive and/or modify Bankruptcy Rule 4001(a)(4) so as to allow Movant to proceed immediately with a dispossessory action;

(d) That the Court award Movant its attorney's fees and costs in bringing of this Motion; and

(e) For such other and further relief as this Court deems just and equitable.

Respectfully submitted, this Friday, September 18, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

**CERTIFICATE OF SERVICE**

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing ***MOTION TO LIFT STAY FOR DEBTOR'S NONCOMPLIANCE WITH STRICT COMPLIANCE ORDER*** in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties or counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

K. Edward Safir
Standing Chapter 13 Trustee
Ste 1600
285 Peachtree Center Ave NE
Atlanta, GA 30303

J.M. Heller, Attorney at Law, P.C.
291 Jarvis Street
Canton, GA 30114
*Counsel for Debtor*

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows

Meiyauki LaShun Triplett, Debtor
23 Ivey Twp Dr
Dallas GA 30132

Dated: Friday, September 18, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT