**IT IS ORDERED as set forth below:**

**Date: September 24, 2026**

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br>Meiyauki LaShun Triplett,<br><br>**Debtor(s)**. | CASE NO. 25-41930-pwb<br>CHAPTER 13 |
| Progress Residential Borrower 16, LLC<br><br>**Movant**<br><br>v.<br><br>Meiyauki LaShun Triplett, Debtor(s);<br>and K. Edward Safir, Trustee<br>**Respondents**. | Judge Paul W. Bonapfel<br><br>CONTESTED MATTER |

**ORDER GRANTING MOTION FOR RELIEF FROM STAY, STRICT COMPLIANCE**

Debtor and Movant previously entered into a consent order between Debtor and Movant, dated Sept. 1, 2026 [Doc. 35], requiring Debtor to resume strict compliance with the lease post petition commencing June 1, 2026. Debtor further agreed to cure the post petition arrearage owing through April 2026 via payments of $ 10,488.57 by May 1, 2026 and to cure the post petition arrearage owing through May 2026 via payments of $2524.51 by May 8, 2026.

As evidenced by Movant's subsequent default Motion to Lift Stay for Debtor's Noncompliance With Strict Compliance Order, filed on September 18, 2026 [Doc 37], as supported by adequate notice upon Debtor/Debtor's counsel [Doc 37-1] and further evidenced by a sworn declaration of noncompliance [Doc 37-2], Debtor failed to strictly comply with the terms agreed between the parties, particularly Debtor failed to resume strict compliance under the lease agreement commencing June 1, 2026, and all months thereafter. Debtor further failed to cure the post-petition arrearage through May 2026, having failed to pay $ 2524.51 by May 8, 2026, as remains outstanding.

No response has been filed by Debtor or codebtor in opposition to Movant's motion to lift the automatic stay in light of the default with the strict compliance order [Doc 35].

**ORDERED** that Movant's Motion is granted. The automatic stay pursuant to 11 U.S.C. §§ 362(d) of the Bankruptcy Code is MODIFIED to allow Movant to pursue dispossessory proceedings against Debtor as-available under Georgia law to recover possession of the Property, and that the Property be abandoned as property of the estate.

**ORDERED** that Movant may obtain a post-petition judgment within the course of a dispossessory action, including to recover possession of the Property, but Movant is not permitted to pursue any collection activities on that judgment as to property of the estate during the pendency of the instant Bankruptcy.

**ORDERED** that, pursuant to Movant's Motion, the 14 day stay prescribed by Bankruptcy Rule 4001(a)(4) is waived to allow Movant to proceed immediately with a dispossessory action;

[**END OF DOCUMENT**]

**Order presented by:**

THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
Tel: (404) 692-4342
Email: mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)

Distribution List:

Jeffrey M. Heller
J.M. Heller, Attorney at Law, P.C.
291 Jarvis Street
Canton, GA 30114
*Counsel for Debtor*

Matthew F. Totten
THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
*Counsel for Movant*

K. Edward Safir
Standing Chapter 13 Trustee
Ste 1600
285 Peachtree Center Ave NE
Atlanta, GA 30303
*Trustee*

Meiyauki LaShun Triplett, Debtor
23 Ivey Twp Dr
Dallas GA 30132